*Hill & Johnson, for appellant.*
*John Smith, for appellee.*

---

## JOHN W. COFER *v.* J. WOODYARD, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—858.]

**Execution Against the Body.**
> An order of arrest obtained by a creditor can not be sustained when it is shown that the debtor has ample property to satisfy all his debts and the creditors have levied attachments thereon; and the fact that there has been a return of no property on a general execution will not entitle a creditor to have the debtor arrested when the creditors have levied attachments on property sufficient to pay all their claims.

APPEAL FROM HARDIN CIRCUIT COURT.

April 26, 1884.

OPINION BY JUDGE PRYOR:

In this case the appellant, John W. Cofer, failing to comply with the demands of creditors, and attempting, as they have alleged, to dispose of his property to avoid the payment of his debts, certain attachments were issued and levied upon the property to satisfy their claims, and some of the creditors in addition to their attachments obtained an order of arrest, and the appellant being unable to give

bail was lodged in jail. There was then a motion made to vacate the order of arrest and heard by the county judge as provided by Civ. Code 1876, § 177, and it appearing from the affidavits filed that the bail ought not to have been required the appellant was discharged and the order of arrest set aside. The proof heard conduced to show that appellant had property amply sufficient to pay the debts and upon which the creditors obtaining the order of arrest had already levied their attachments. Three of the creditors, Orr, S. W. Cofer and J. Woodyard, after this action by the county judge, obtained a rule from the circuit court in which the actions were pending against appellant to pay their debts by bringing the money into court.

The rule was made absolute and from that judgment this appeal is taken. The appellant responded to the rule by alleging that the property levied on by the attachment was sufficient to pay the debts and to that response a demurrer was sustained. The appellant had not been directed to pay the money into court before the rule issued and under any proper practice a nisi decree should have been first entered, and then a final judgment upon the failure of the defendant to comply with its terms.

The Civ. Code 1876, § 439, provides for the filing of a petition in equity for the discovery of money or property belonging to the debtor after a return of "no property found." Section 220 provides that the plaintiff, when the property attached is not sufficient to pay the debt, may require the defendant to appear and give information on oath respecting his property, or may require others who have possession of the debtor's property to appear and give information on oath regarding the same, and the court may enforce these orders by process as in case of contempt. The appellees can not be relying upon either of the actions referred to as the demurrer to the response made by appellant admits that the property levied on is sufficient to pay their debts, and to secure all the debts owing by him.

This is an attempt to collect an ordinary judgment by rule, after the creditors have seized property sufficient to pay their debts. That the judgments were rendered on the equity side of the docket does not affect the question, and we are aware of no rule of practice in law or equity, ancient or modern, by which the common law judge or the chancellor will enforce mere judgments for debt in such a summary way. The appellant has on oath by way of response, and

that response sustained by the affidavits of his neighbors, made it manifest that these creditors are amply secured, and a return of "no property" on executions issued on the judgments will not authorize the rule. If the attachments levied on the property obviate the necessity of levying the execution after judgment obtained, the return of "no property" for that reason can not sustain the proceedings below, as the facts of the record now show that the estate is ample to pay the debts, and the solvency of the debtor is conceded. The order, therefore, enforcing the rule and imprisoning the appellant until he complies with it, is *reversed* with directions to overrule the demurrer to the response and discharge the rule.

*W. H. Chelf, Wilson, Hobson & Sprigg, for appellant.*